The Honorable Tom Wynne Prosecuting Attorney 13th Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This is in response to your request for an opinion on several questions relating to the jurisdiction and authority of law enforcement officers working outside their jurisdictions. Specifically, you recite language from three separate acts of Arkansas and ask four questions with reference to these provisions.
A recitation of the relevant law will be helpful prior to setting out and addressing your four questions.
The first statute you mention is A.C.A. § 5-64-705 (Repl. 1997), which is the codification of Act 675 of 1985. It provides that:
 Upon receiving permission from the proper county sheriff, any law enforcement officer acting within the official scope of his duty may investigate and arrest any person violating any provision of the Uniform Controlled Substances Act, as amended, subchapters 1-6 of this chapter, in any county contiguous to the county in which he is employed.
This 1985 act is also codified at A.C.A. § 12-12-102 (Repl. 1995). It authorizes only the county sheriff to grant the needed permission, and is limited to drug offenses and to officers working in contiguous counties.
The second act to which you refer is Act 10 of 1988 (4th Ex. Sess). It is not codified in the Arkansas Code because of its "special" nature.See however, Publisher's Notes to the Arkansas Code at A.C.A. §16-21-1301; § 16-21-1501; § 16-21-1801; and § 16-21-2101. It relates only to the Eighth, Tenth, Thirteenth, Sixteenth and Twentieth Judicial Districts, and provides that each:
 . . . shall have the power to appoint deputy prosecuting attorneys, investigators, or employees at such salaries as are authorized in the grant awards from the Department of Finance and Administration, Intergovernmental Services, Drug Law Enforcement Program, Anti-Drug Abuse Act of 1986. Said investigators and case coordinators shall have jurisdiction throughout the judicial district served, and have the power granted to peace officer by the statutes of this State and may serve process issuing out of all courts within the judicial district.
This act was passed because of the "urgent need for additional personnel to fight the war on drugs." See Act 10 of 1988 (4th Ex. Sess.) § 3. As noted above, such investigators and case coordinators have jurisdiction throughout the judicial district.
The third statute you cite is A.C.A. § 16-81-106 (Supp. 1997). It was a part of the original Criminal Code of 1869, and has been amended many times over the years. The relevant amendments for our purposes are the ones made by Act 846 of 1989. That act was entitled "AN ACT to Amend Ark. Code of 1987 Annotated 16-81-106 to Give Peace Officers Statewide Authority to Make Warrantless Arrests Based Upon Probable Cause; and for Other Purposes." The statute (A.C.A. § 16-81-106), with the Act 846 amendments italicized, now provides in pertinent part as follows:
 (c)(1) A certified law enforcement officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or a misdemeanor.
 (2)(A) A certified law enforcement officer making an arrest under subdivision (c)(1) of this section shall, as soon as practicable after making the arrest, notify the law enforcement agency having jurisdiction where the arrest was made.
 (B) The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate.
 (3) Statewide arrest powers for certified law enforcement officers will only be in effect when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting or working by request.
 (4) Any law enforcement agency exercising statewide arrest powers under this section must have a written policy on file regulating the actions of its employees relevant to law enforcement activities outside its jurisdiction.
* * *
 (g) The following persons employed as full-time law enforcement officers by the federal, state, county, or municipal government, who are empowered to effect an arrest with or without warrant for violations of the Unites States Code and who are authorized to carry firearms in the performance of their duties, shall be empowered to act as officers for the arrest of offenders against the laws of this state and shall enjoy the same immunity, if any, to the same extent and under the same circumstances as certified state law enforcement officers:
(1) Federal Bureau of Investigation special agents;
(2) United States Secret Service special agents;
 (3) Immigration and Naturalization Service special agents, investigators, and patrol officers;
(4) United States Marshals Service deputies;
(5) Drug Enforcement Administration special agents;
(6) United States postal inspectors;
 (7) United States Customs Service special agents, inspectors, and patrol officers;
(8) United States General Services Administration special agents;
(9) United States Department of Agriculture special agents;
(10) Bureau of Alcohol, Tobacco, and Firearms special agents;
(11) Internal Revenue Service special agents and inspectors;
 (12) Certified law enforcement officers of the Department of the Interior, National Park Service; and
 (13) Members of federal, state, county, municipal, and prosecuting attorneys' drug task forces.
This statute has been interpreted to mean that statewide warrantless arrest powers are limited to instances in which the county or municipal law enforcement agency has requested the assistance. See Op. Att'y Gen.91-262.[1] This statute, unlike A.C.A. § 5-64-705, allows the localmunicipal law enforcement agency to grant the permission (not just the county sheriff); is not limited to drug offenses; and is not limited to law enforcement officers working in contiguous counties.
Your four questions relating to these provisions are as follows:
 (1) Does the sheriff of a county have to give permission to a Drug Task Force or state police officer to investigate and make arrests or investigate or make arrests [sic] in his county?
 (2) Does the sheriff have to give permission to city police officers to work within a city which is located in the county under the same scenario (bring in officers from adjoining counties into the city)?
 (3) Does A.C.A. § 5-64-705 limit the ability of the Prosecuting Attorney to commence drug investigations within the county regardless of whether or not there is a Drug Task Force, and without the sheriff's permission?
 (4) Does A.C.A. § 5-64-705 in any way limit the ability of municipal or state police, or the Prosecuting Attorney's Office to enlist the services of officers brought into the county to work drug investigations and/or make drug arrests?
It is my opinion, in response to your first question, that if the Drug Task Force is investigating crimes occurring in a county within its judicial district, the answer to your question is "no" as to such investigations. Case coordinators and investigators employed pursuant toAct 10 of 1988 (4th Ex. Sess.) have jurisdiction throughout the judicial district.[2] If working within their judicial district, they would not be working "outside" their jurisdiction for purposes of either A.C.A. § 5-64-705 or 16-81-106. If your question is whether such permission is necessary for a drug task force or its officers to investigate crimes and make warrantless arrests in a county outside its judicial district, it is my opinion that both A.C.A. § 5-64-705 and A.C.A. § 16-81-106 would require permission of the local county sheriff (or the municipal police department if the investigation is within a city) prior to taking such actions.
As to the Arkansas State Police, it is my opinion that no such permission is necessary as these officers have statewide jurisdiction under a separate statute not mentioned in your request. Section 12-8-106 of the Arkansas Code (Supp. 1997), provides at subsection (b) and (e) that:
 (b) The Department of Arkansas State Police shall be conservators of the peace and as such shall have the power possessed by police officers in cities and sheriffs in counties, except that the Arkansas State Police may exercise such powers anywhere in this state.
 (e) However, this chapter shall not be construed so as to take away any authority of the regularly constituted peace officers in this state, but the Arkansas State Police shall cooperate with them in the enforcement of the criminal laws of the state and assist such officers either in the enforcement of the law or apprehension of criminals.
In my opinion, this statute gives state police officers statewide jurisdiction and contemplates "cooperation" with local law enforcement agencies. The statute above (12-8-106) does not appear to require "permission" of local law enforcement officials prior to the exercise of power. Neither, in my opinion, do the "permission" requirements of either A.C.A. § 5-64-705 or § 16-81-106 apply to state police officers. Each statute contemplates an exercise of power "outside" of the officer's jurisdiction. As long as a state police officer acts within the boundaries of the state, he or she is not outside his jurisdiction.
In response to your second question about city police officers bringing in officers from adjoining counties, it is my opinion that under the provisions of A.C.A. § 16-81-106, the municipal law enforcement agency in the city can authorize the work of the officers from the adjoining county. In answer to your second question, therefore, the sheriff's authorization will not always be necessary. Although A.C.A. § 5-64-705
would appear to require permission of the sheriff, the later enactment (A.C.A. § 16-81-106) authorizes out of county officers "at the request or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting orworking by request." (Emphasis added.) If as your question suggests, the officers from outside the county will be working inside a city, in my opinion the municipal law enforcement agency can authorize or give permission for their activities.
In response to your third question, if you are referring to activities undertaken by the prosecuting attorney within his judicial district, in my opinion the answer to your question is "no." No permission is required from the sheriff under A.C.A. § 5-64-705 for the prosecutor to undertake drug investigations with his own personnel (or in conjunction with the state police) in his judicial district. If the prosecutor proposes to bring in officers from outside the judicial district, however, in my opinion A.C.A. § 5-64-705 and § 16-81-106 would require permission of either the county sheriff or the municipal law enforcement agency, depending upon the "locale where the officer is assisting or working by request.[3]
In response to your fourth question, in my opinion A.C.A. § 5-64-705 does not limit the authority of municipal law enforcement agencies to bring in officers from outside the county to work drug investigations or make arrests. In my opinion, as stated previously, municipal law enforcement agencies can themselves grant the necessary permission under A.C.A. §16-81-106(c)(3), as long as the investigation is taking place in the city. With regard to the State Police and the prosecuting attorney's office, in my opinion the permission of either the county sheriff or municipal law enforcement agency is necessary, depending on the locale, for these officials to bring in outside officers. The out-of county officers must receive such permission to be authorized to act in an area outside their jurisdiction. See A.C.A. § 16-81-106. See also Op. Att'y Gen. 91-262. Legislative clarification would be necessary in my opinion to authorize prosecutors or the state police to grant the necessary permission. Current law gives this power only to sheriffs and municipal law enforcement agencies.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB/ECW:cyh
[1] There is an exception for arrests made with a warrant (see A.C.A. § 16-81-105 (peace officer with a warrant of arrest may execute it in any county of this state)), and for certain instances involving "fresh pursuit." A.C.A. § 16-81-301 (1987).
[2] Act 10 does not make reference to "drug task forces" expressly. It refers instead to deputy prosecutors, investigators, case coordinators, and "employees." See also Op. Att'y Gen. 93-109 (concluding that only case coordinators and investigators have arrest powers).
[3] This may seem an anomalous result where the prosecutor seeks to bring in investigators or personnel from another prosecutor's drug task force, or staff. There is currently no statute, however, which allows prosecuting attorneys to consent to such out of jurisdiction activities. The existing statutes give that power to sheriffs and municipal law enforcement agencies.